









MICROSOFT CORP

MICRO STAR

GJ
3:96-CV-02196
*1*
*CMP.*

PRESTON GATES & ELLIS
Jane H. Barrett
(State Bar No. 53115)
Howard Kroll
(State Bar No. 100981)
Gary S. Sedlik
(State Bar No. 181192)
725 South Figueroa Street, Suite 2100
Los Angeles, California 90017-5524
(213) 624-2395

Attorneys for MICROSOFT CORPORATION

**FILED**

DEC 26 1996

CLER...
SOUTHERN DISTRICT OF CALIFORNIA
BY... DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICRO STAR, a California partnership, STEPHEN H. BENEDICT TECHNOLOGIES, INC., dba MICRO STAR SOFTWARE; STEPHEN H. BENEDICT, dba MICRO STAR SOFTWARE; STEPHEN H. BENEDICT, an Individual; PAUL FRIEDMAN, an Individual<br><br>Defendants. | Case No. '96 2195 E AJB<br><br>COMPLAINT FOR :<br><br>(1) TRADEMARK INFRINGEMENT;<br>(2) FALSE DESIGNATION OF ORIGIN;<br>(3) FALSE ADVERTISING;<br>(4) TRADEMARK DILUTION;<br>(5) UNFAIR COMPETITION;<br>(6) ACCOUNTING |

Plaintiff Microsoft Corporation ("Microsoft") brings this action against Micro Star, Stephen H. Benedict Technologies, Inc. dba Micro Star Software, Stephen H. Benedict dba Micro Star Software, Stephen H. Benedict and Paul Friedman (collectively "Defendants") for injunctive and other equitable relief and damages under the laws of the United States and the State of California, as follows:

///

///

///

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over the claims in this action, which relate to trademark infringement, pursuant to the provisions of 15 U.S.C. §§ 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

2.    This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law of the State of California pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The infringing acts that are the subject of this litigation occurred in the Southern District of California; the claims alleged in this action arose in the Southern District of California; and the Defendants may be found in the Southern District of California.

## PARTIES

4.    Microsoft, a Washington corporation with its principal place of business in Redmond, Washington, is a developer, manufacturer and marketer of software for computers, and is doing substantial business in the Southern District of California.

5.    Microsoft is informed and believes, and on that basis alleges, that defendant Micro Star ("Micro Star") is a partnership in and pursuant to the laws of the State of California with a place of business in the Southern District of California at 2245 Camino Vida Roble, Carlsbad, California, 92009-1502, and with Paul Friedman and Stephen H. Benedict as its named partners.

6.    Microsoft is informed and believes, and on that basis alleges, that defendant Paul Friedman is an individual and is a partner of Micro Star.

7.    Microsoft is informed and believes, and on that basis alleges, that defendant Stephen H. Benedict, an individual, a partner of Micro Star and also does business in the Southern District of California under the registered dba of "Micro Star Software," at 2245 Camino Vida Roble, Carlsbad, California, 92009-1502.

8.    Microsoft is informed and believes, and on that basis alleges, that defendant Stephen H. Benedict Technologies, Inc. is doing business in the Southern District of California under the

registered dba of "Micro Star Software" at 2245 Camino Vida Roble, Carlsbad, California 92009-1502.

9.     Microsoft is informed and believes, and on that basis alleges, that each of the Defendants are individuals or business entities acting in concert and active participation with each other in committing the wrongful acts alleged in this Complaint.

10.     Microsoft is informed and believes, and on that basis alleges, that at the time of the events alleged in this Complaint, each defendant was the agent and employee of each of the remaining Defendants, and was acting within the scope and authority of that agency and employment, with the knowledge, consent and approval of the other Defendants.

11.     The Defendants transact business in the Southern District of California and certain of the acts of infringement and other wrongful acts alleged in this Complaint arose in the Southern District of California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Nature of Microsoft's Business

12.     Since as early as 1976, and long prior to Defendants' acts of infringement and other wrongful acts alleged in this Complaint, Microsoft has been in the business of developing, manufacturing and marketing computer software programs and related services.

13.     Microsoft has become well known to the public for its software products that are sold throughout the world.  For many years, Microsoft has had substantial and widespread advertising, promotion, distribution and sales in the United States and throughout the world of its software products and related services.

14.     Microsoft has conducted its business under the trade name and corporate identification "Microsoft" long prior to Defendants' acts of infringement and other wrongful acts alleged in this Complaint. Microsoft uses and has continuously used the Microsoft trade name in the computer industry to identify Microsoft and its products and services.

15.     Microsoft continuously has used the designation MICROSOFT as a trademark in connection with a multitude of computer software and hardware products, and in connection with

software-related services, distributed, sold and promoted in the United States and worldwide, long prior to Defendants' acts of infringement and other wrongful acts alleged in this Complaint.

16. Microsoft had spent substantial sums in advertising and promoting the MICROSOFT trademark in connection with Microsoft's software products and related services long prior to Defendants' acts of infringement and other wrongful acts alleged in this Complaint. Microsoft continues to spend such sums in said advertising and promotion.

17. By virtue of such sales and promotion of Microsoft products and services, the "Microsoft" trade name and the MICROSOFT trademark have become famous and are known and recognized in the United States and throughout the world. The public and trade rely on the "Microsoft" trade name and the MICROSOFT trademark as identifying the source of Microsoft products and services and as distinguishing those products and services from those of others. The "Microsoft" trade name and the MICROSOFT trademark have come to represent valuable assets belonging exclusively to Microsoft.

18. Microsoft has duly registered its MICROSOFT trademarks and service marks (the "MICROSOFT Trademarks") in the United States Patent and Trademark Office with respect to various software products and related services, including the following:

| Mark | Reg. No. | Reg. Date | Description of Goods/Services | Exhibit |
|------|----------|-----------|------------------------------|---------|
| MICROSOFT | 1,200,236 | 07/06/82 | Computer programs; computer programming services. | A |
| MICROSOFT | 1,966,382 | 04/09/96 | Telecommunications services, namely, the receipt and deliver of messages, documents and other data by electronic transmission. | B |
| MICROSOFT | 1,684,033 | 04/21/92 | Education and training services; namely, conducting classes and seminars in the field of computers and computer programs. | C |

| | | | |
|---|---|---|---|
| MICROSOFT | 1,689,468 | 05/26/92 | Computer programming services; consulting and technical support services in the field of the design and use of computer programs, computers, computer hardware and computer systems; mail order services in the field of computer programs, computer related books and publications, and other computer related products. | D |

The registrations are valid and subsisting, unrevoked and uncancelled. Microsoft is the owner of these registrations and the marks shown therein and all of the business and goodwill connected therewith. Copies of certified copies of the certificates of registration for the MICROSOFT Trademarks are attached to this Complaint marked as above and incorporated by reference.

19. Microsoft has duly registered its MICROSOFT trademarks in the United Kingdom (the "UK MICROSOFT Trademarks") in the Patent Office, Trade Marks Registry of Great Britain and Northern Ireland with respect to various software products and related services as follows:

| **Mark** | **Reg. No.** | **Reg. Date** | **Description of Goods/Services** | **Exhibit** |
|---|---|---|---|---|
| MICROSOFT | B1121920 | 09/10/92 | Computer programmes. | E |
| MICROSOFT | 1471270 | 07/20/91 | Education and training services relating to computers and computer programmes; arranging and conducting seminars, all relating to computers and computer programmes; publishing services; all included in Class 41. | F |
| MICROSOFT | 1471271 | 07/20/91 | Computer services; computer programming; computer consultancy and technical support; all relating to the design and use of computer programmes, computers, computer hardware and computer systems; arranging and conducting conferences and exhibitions, all relating to computing; all included in Class 42. | G |
| MICROSOFT | 2017986 | 04/19/95 | Telecommunication services; receipt and delivery of messages, documents and other data by electronic transmission. | H |

## Defendant's Unlawful Conduct

20.    Microsoft is informed and believes, and on that basis alleges, that Defendants are in the business of marketing, advertising and distributing software.

21.    None of the Defendants to this action is licensed or otherwise authorized by Microsoft to market, advertise or distribute Microsoft software.

22.    Defendants, in common with the trade and the public, and long prior to Defendants' acts of infringement and other wrongful acts alleged in this Complaint, were aware of the value represented and symbolized by the "Microsoft" trade name and MICROSOFT trademark.

23.    Microsoft is informed and believes, and on that basis alleges, that Defendants, despite their knowledge of the "Microsoft" trade name and MICROSOFT trademark, intentionally and without Microsoft's authorization or approval, conducted telephone solicitations to Microsoft customers in England and other places using a list of such Microsoft customers. The telemarketers use the "Microsoft" trade name and MICROSOFT trademark by asking customers to join a software club sponsored by Microsoft and/or to purchase Microsoft software.

24.    These telephone solicitations and misrepresentations are part of a ploy to induce sales of Defendants' inventory of non-Microsoft software and to induce unwitting customers to reveal their credit card numbers to Defendants.

25.    Defendants have adopted the "Microsoft" trade name and MICROSOFT trademark with the deliberate and willful intention and effect of misappropriating for themselves the value represented and symbolized by the "Microsoft" name and MICROSOFT trademark, and of infringing that name and mark, and of creating a false belief in the minds of the trade and the public that Defendants are somehow associated or connected with or sponsored by Microsoft.

26.    Defendants are not now, and have never been, agents or representatives or licensees of Microsoft or otherwise associated with or sponsored by Microsoft. Furthermore, the use of the "Microsoft" name and MICROSOFT mark by Defendants is without the consent, license or permission of Microsoft.

## FIRST CLAIM

### [Federal Trademark Infringement Against All Defendants]

27.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28.     Microsoft is informed and believes, and on that basis alleges, that Defendants have committed the acts alleged above with previous knowledge of Microsoft's prior use and superior rights to the MICROSOFT Trademarks, and with previous knowledge of the reputation of the MICROSOFT Trademarks in interstate and foreign commerce.

29.     Microsoft is informed and believes, and on that basis alleges, that Defendants' actions were for the willful and calculated purpose of trading upon Microsoft's goodwill and for the willful and calculated purpose of distributing their non-Microsoft products based upon the goodwill of the MICROSOFT Trademarks and business reputation, so as to mislead and deceive consumers and the public.

30.     Defendants' acts alleged above constitute the unauthorized use in interstate and foreign commerce of a reproduction, counterfeit, copy and/or colorable imitation of the MICROSOFT Trademarks in the sale, distribution and/or advertising of products and services, which unauthorized use is likely to cause confusion, or to cause mistake, or to deceive as to the origin of the products and services.

31.     Defendants' unauthorized use of the MICROSOFT Trademarks constitutes an infringement of the MICROSOFT Trademarks in violation of the Trademark Act including, but not limited to 15 U.S.C. § 1114(1).

32.     As a direct and proximate result of Defendants' unauthorized use of the MICROSOFT Trademarks, Microsoft has been damaged in an amount that is unknown at the present time, but which will be established at the trial of this lawsuit.

33.     Defendants' acts alleged above constitute willful and deliberate infringement of the MICROSOFT Trademarks.  As such, Microsoft is entitled to treble damages pursuant to 15 U.S.C. § 1117(b).

34.     The acts of Defendants as alleged in this Complaint have caused and will cause irreparable harm to Microsoft for which Microsoft has no adequate remedy at law in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the affiliation or association or connection of Defendants with Microsoft; and (ii) Defendants' wrongful conduct, and the damages to Microsoft, is continuing.  Accordingly, Microsoft is entitled to a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

35.     This is an exceptional case within the meaning of 15 U.S.C. § 1117, entitling Microsoft to recover its attorney's fees.

## SECOND CLAIM

### [Trade Name and Trademark Infringement, False Designations of Origin,
### False Descriptions and Representations Against All Defendants]

36.     Microsoft realleges, and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35, inclusive.

37.     Defendants have engaged in, and are presently engaging in, acts of trade name and trademark infringement by using the "Microsoft" trade name and MICROSOFT Trademarks, as alleged above, as part of a ploy to induce purchases of Micro Star, not Microsoft, software and to have unwitting consumers purchase a software club membership.  Defendants' false or misleading representations that it represent Microsoft or is licensed to distribute Microsoft software gives Defendants an unfair competitive advantage that is achieved only by way of such false and deceptive practices.

38.     Defendants have accomplished and are accomplishing this trade name and trademark infringement by means of actual misstatements, partially incorrect statements, and statements that are untrue or misleading as a result of failure to disclose material facts.

39.     Microsoft is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the "Microsoft" trade name and MICROSOFT Trademarks, as alleged above, is likely to cause confusion, to cause mistake, or to deceive as to Microsoft's affiliation, connection or

association of Microsoft with Defendants, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities.

40.     Microsoft is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the "Microsoft" trade name and MICROSOFT trademark, as alleged above, actually has confused and deceived and continues to confuse and deceive a substantial segment of consumers.

41.     Microsoft is informed and believes, and on that basis alleges, that Defendants' false or misleading representations are material and that they are likely to influence purchasing decisions by consumers of software.

42.     Defendants' unauthorized use in commerce of the "Microsoft" trade name and MICROSOFT Trademarks, as alleged above, constitutes the use of false or misleading designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact in willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43.     Microsoft is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' unauthorized use of the "Microsoft" trade name and MICROSOFT Trademarks, Microsoft has been injured, and is likely to be injured, by loss of sales and lost profits. In addition to recovering its damages and costs of suit, Microsoft also is entitled to recover Defendants' profits pursuant to 15 U.S.C. § 1117(a). The amount of damages which Microsoft sustained and the amount of Defendants' profits are unknown at the present time, but which will be established at the trial of this lawsuit.

44.     The acts of Defendants as alleged in this Complaint have caused and will cause irreparable harm to Microsoft which Microsoft has no adequate remedy in law in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the affiliation or association or connection of Defendants with Microsoft; and (ii) Defendants' wrongful conduct, and the damages to Microsoft, are continuing. Accordingly, Microsoft is entitled to a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

45.  This is an exceptional case within the meaning of 15 U.S.C. § 1117, entitling Microsoft to recover its attorneys' fees.

## THIRD CLAIM

### [False Advertising Against All Defendants]

46.  Microsoft realleges, and incorporates by this reference each and every allegation set forth in paragraphs 1 through 45, inclusive.

47.  Defendants have engaged in, and are presently engaging in, acts of false and deceptive advertising by using the "Microsoft" trade name and MICROSOFT Trademarks in commercial advertising or promotion by conducting telephone solicitations to customers in England and other countries where Defendants ask customers to join a software club sponsored by Microsoft and to purchase Microsoft software. Defendants' false or misleading representations that it represented Microsoft or was licensed to sell Microsoft software gives Defendants an unfair competitive advantage that is achieved only by way of deceptive practices and false advertising.

48.  Defendants have accomplished and are accomplishing this false advertising by means of actual misstatements, partially incorrect statements, and statements that are untrue or misleading as a result of failure to disclose material facts.

49.  Microsoft is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the "Microsoft" trade name and MICROSOFT Trademarks in commercial advertising or promotion, as alleged above, has a tendency to deceive and does in fact actually deceive a substantial segment of consumers as to Microsoft's affiliation, connection or association of Microsoft with Defendants, or as to the nature, characteristics and qualities of Defendants' goods, services or commercial activities.

50.  Microsoft is informed and believes, and on that basis alleges, that Defendants' false representations are material and that they are likely to influence purchasing decisions by consumers of software.

51.  Defendants' unauthorized use in commerce of the "Microsoft" trade name and MICROSOFT Trademarks, as alleged above, constitutes the use of false or misleading designations

of origin, false or misleading descriptions of fact, and false or misleading representations of fact in willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

52.     Microsoft is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' unauthorized use of the "Microsoft" trade name and MICROSOFT Trademarks, Microsoft has been injured, and is likely to be injured, by loss of sales and lost profits. In addition to recovering its damages and costs of suit, Microsoft also is entitled to recover Defendants' profits pursuant to 15 U.S.C. § 1117(a). The amount of damages which Microsoft sustained and the amount of Defendants' profits are unknown at the present time, but which will be established at the trial of this lawsuit.

53.     The acts of Defendants as alleged in this Complaint have caused and will cause irreparable harm to Microsoft which Microsoft has no adequate remedy in law in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the affiliation or association or connection of Defendants with Microsoft; and (ii) Defendants' wrongful conduct, and the damages to Microsoft, are continuing. Accordingly, Microsoft is entitled to a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

54.     This is an exceptional case within the meaning of 15 U.S.C. § 1117, entitling Microsoft to recover its attorneys' fees.

### FOURTH CLAIM

### [Trademark Dilution Against All Defendants]

55.     Microsoft realleges, and incorporates by this reference each and every allegation set forth in paragraphs 1 through 54, inclusive.

56.     Defendants' unauthorized use of the MICROSOFT Trademarks, as alleged above, constitutes the unauthorized use of a famous trademark in a manner that is likely to dilute the distinctive qualities of the MICROSOFT Trademarks in violation of the Trademark Act, 15 U.S.C. § 1125(c).

57.     Defendants' acts, as alleged above, constitute willful and deliberate intent to trade on Microsoft's reputation or to cause dilution of the famous MICROSOFT Trademarks. As such,

1 Microsoft is entitled to recover damages including Defendants' profits, Microsoft's lost profits and
2 costs of suit, pursuant to 15 U.S.C. § 1117(a). The amount of damages which Microsoft sustained
3 and the amount of Defendants' profits are unknown at the present time, but which will be established
4 at the trial of this lawsuit.

5        58.     The acts of Defendants as alleged in this Complaint have caused and will cause
6 irreparable harm to Microsoft for which Microsoft has no adequate remedy at law in that (i) if
7 Defendants' wrongful conduct continues, consumers are likely to become further confused as to the
8 affiliation or association or connection of Defendants with Microsoft; and (ii) Defendants' wrongful
9 conduct, and the damages to Microsoft, are continuing. Accordingly, Microsoft is entitled to a
10 temporary restraining order, and preliminary and permanent injunctive relief pursuant to 15 U.S.C. §
11 1116(a).

12        59.     This is an exceptional case within the meaning of 15 U.S.C. § 1117, entitling
13 Microsoft to recover its attorneys' fees.

### FIFTH CLAIM

#### [Unfair Competition Against All Defendants]

16        60.     Microsoft realleges, and incorporates by this reference each and every allegation set
17 forth in paragraphs 1 through 59, inclusive.

18        61.     The acts and conduct of Defendants alleged in this Complaint (i) constitute an unfair
19 competition at common law; (ii) violate California Bus. & Prof. Code § 17200, et seq.; and (iii)
20 constitute an infringement of Microsoft's common law rights in its trademark and trade name and
21 improper and unfair competition with Microsoft.

22        62.     Defendants' conduct, as alleged above, has damaged and will continue to damage
23 Microsoft's goodwill and reputation and has resulted in a loss of profits to Microsoft in an amount
24 that is unknown at the present time but will be established at the trial of this lawsuit. Microsoft also is
25 entitled to Defendants' profits which were acquired by means of Defendants' unfair competition.

26 / / /
27 / / /
28 / / /

## SIXTH CLAIM

### [Accounting Against All Defendants]

63. Microsoft realleges, and incorporates by this reference each and every allegation set forth in paragraphs 1 through 62, inclusive.

64. Microsoft is entitled, pursuant to 15 U.S.C. §1117(a) and 17 U.S.C. § 504, to recover any profits of the Defendants that are attributable to their acts of infringement.

65. The amount of money due from Defendants is unknown to Microsoft and cannot be ascertained without an accounting of the number and price of the software membership club and software distributed by Defendants.

## PRAYER

**WHEREFORE,** Microsoft respectfully requests judgment as follows:

    (1)    That the Court enter a judgment against Defendants, and each one of them, that they have:

        (a) infringed the rights of Microsoft in its federally registered trademarks under 15 U.S.C. § 1114;

        (b) infringed the rights of Microsoft in its "Microsoft" trade name and MICROSOFT Trademarks under 15 U.S.C. § 1125(a)(1)(A);

        (c) committed acts of false designation of origin, false or misleading description of fact and false or misleading representation of fact against Microsoft under 15 U.S.C. § 1125(a)(1)(A);

        (d) engaged in false advertising against Microsoft under 15 U.S.C. § 1125(a)(1)(B);

        (e) engaged in the dilution of the MICROSOFT Trademarks under 15 U.S.C. § 1125(c);

        (f) competed unfairly with Microsoft at common law and in violation of Cal. Bus. & Prof. Code § 17200; and

        (g) otherwise injured the business reputation and business of Microsoft by their acts and conduct set forth in this Complaint.

(2)    That this Court issue a temporary restraining order, and preliminary and permanent injunctions against Defendants, and each of them, and that Defendants, their officers, directors, principals, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with Defendants be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

(a) using the MICROSOFT Trademarks and "Microsoft" trade name to advertise, circulate display, distribute, manufacture, market, offer for sale, package, produce, promote, or sell any product or service, or in connection with any activity whatsoever;

(b) using any simulation, reproduction, counterfeit, copy or colorable imitation of the MICROSOFT Trademarks, and any other works protected by any other MICROSOFT trademark, to advertise, circulate display, distribute, manufacture, market, offer for sale, package, produce, promote, or sell any product or service not manufactured or authorized or licensed by Microsoft;

(c) engaging in any other activity constituting an infringement of the MICROSOFT Trademarks or of Microsoft's rights in, or to use or exploit, said trademark, or constituting any dilution of the MICROSOFT mark, reputation or goodwill;

(d) engaging in any other activity constituting an infringement of the "Microsoft" trade name or of Microsoft's rights in, or to use or exploit, said trade name, or constituting any dilution of the "Microsoft" trade name, reputation or goodwill;

(e) using any false designation of origin or false description that can or is likely to lead the trade or public or individual members thereof, erroneously to believe that any product or service was or is advertised, circulated, displayed, distributed, manufactured, marketed, offered for sale, packaged, produced, promoted, sold or authorized by or for Microsoft, when such is not true in fact;

1     (f) using, disposing of or destroying any documents or related materials that

2     show, indicate, reference or otherwise document that Defendants have advertised,

3     circulated, displayed, distributed, manufactured, marketed, offered for sale, packaged,

4     produced, promoted or sold products or services by stating that such products or

5     services are related in any way whatsoever to Microsoft;

6     (g) assisting, aiding or abetting any other person or business entity in engaging

7     in or performing any of the activities referred to in subparagraphs (a) through (f)

8     above.

9     (3)    That this Court issue permanent injunctions against Defendants, and each of

10     them, and that Defendants, their officers, directors, principals, agents, representatives,

11     servants, employees, successors and assigns, and all others in active concert or

12     participation with Defendants, ordering Defendants to cure and prevent any confusion

13     resulting from Defendants' acts.

14     (4)    That this Court order Defendants to pay Microsoft's general, special and actual

15     damages, including Defendants' profits, and that these amounts be trebled pursuant to

16     15 U.S.C. § 1117(b);

17     (5)    That this Court order Defendants to pay to Microsoft both the costs of this

18     action and the reasonable attorneys' fees incurred by it in prosecuting this action;

19     ///

20     ///

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

(6)     That this Court order Defendants to cure and prevent any confusion resulting from Defendants' acts.

(7)     That this Court order Defendants to account for their distribution and sale of a software membership club and software and their profits derived therefrom; and

(8)     That the Court grant to Microsoft such other and additional relief as is just and proper.

DATED: December 23 1996.

PRESTON GATES & ELLIS
JANE H. BARRETT
HOWARD KROLL
GARY S. SEDLIK


By_____
Jane H. Barrett
Attorneys for Plaintiff
MICROSOFT CORPORATION

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>96-2196-E(AJB) | DATE FILED<br>12/26/96 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Microsoft Corp | | DEFENDANT<br><br>Micro Star; Stephen H Benedict Technologies, Inc. (Dba Micro Star Software); Stephen H Benedict (dba Micro Star Software); Stephen H Benedict, an individual; Paul Friedman, an individual |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1. 1,200,236 | 7/6/82 | Microsoft |
| 2. 1,966,382 | 4/9/96 | " |
| 3. 1,684,033 | 4/21/92 | " |
| 4. 1,689,468 | 5/26/92 | " |
| 5. | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

Microsoft Corporation, a
Washington corporation

**vs**

Micro Star, a California partnership,
Stephen H. Benedict Technologies, Inc.,
dba Micro Star Software
Stephen H. Benedict dba Micro Star
Software, Stephen H. Benedict an individual,
~~Paul Jouxbaed, an individual~~

SUMMONS IN A CIVIL ACTION

Case No.    962195 E AJB

TO: (Name and Address of Defendant)

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and
serve upon PLAINTIFF'S ATTORNEY

Jane H. Barrett
Preston Gates & Ellis
725 So. Figueroa St., Suite 2100
Los Angeles, CA 90017
Tel: (213) 624-2395

An answer to the complaint which is herewith served upon you, within __20__ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Roberta Westdal | DEC 26 1996 |
| CLERK | DATE |
| _Roberta Bressi_ | |
| BY DEPUTY CLERK | |

JS 44
(Rev. 07/89)

● CIVIL COVER SHEET ● **ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
MICROSOFT CORPORATION, a Washington
corporation,

**FILED**

DEC 2 6 1996

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## DEFENDANTS
MICRO STAR, a California
partnership,STEPHEN H. BENEDICT
TECHNOLOGIES, INC., dba MICRO STAR
SOFTWARE; STEPHEN H. BENEDICT,dba MICRO
STAR SOFTWARE; STEPHEN H. BENEDICT, INDIVI

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Preston Gates & Ellis
725 So. Figueroa St., Suite 2100
Los Angeles, CA  90017-5524
Telephone:  (213) 624-2395

ATTORNEYS (IF KNOWN)

'962196 E AJB

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX
(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN × IN ONE BOX ONLY)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Complaint for trademark infringement; false designation
of origin; false advertising; trademark dilution; unfair competition; and accounting.
(15 USC Section 43(a) et seq.; 15 USC 1114 et seq.)

## VII. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VIII. RELATED CASE(S) IF ANY (See instructions):
None.

JUDGE_____ DOCKET NUMBER_____

DATE  12/23/96

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
CV-71 (07/92)     (CONTINUED ON REVERSE SIDE)

2702

FD-JS44