USDC SCAN INDEX SHEET











MICROSOFT CORP

MICRO STAR

ACR
3:96-CV-02196
*22*
*ANS/CNT.*

| | |
|---|---|
| 1 | Law Offices |
| 2 | **FLYNN, SHERIDAN, TABB & STILLMAN**<br>P.O. Box 690<br>6129 La Flecha |
| 3 | Rancho Santa Fe, California 92067<br>(619) 759-7000 |
| 4 | PHILIP H. STILLMAN, Bar # 152861 |
| 5 | Attorneys for Defendants |

(SPACE BELOW PROVIDED FOR FILING STAMP ONLY)

FILED

JAN 22 1997

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

MICRO STAR, a California partnership; STEPHEN H. BENEDICT TECHNOLOGIES, INC., dba MICRO STAR SOFTWARE; STEPHEN H. BENEDICT, dba MICRO STAR SOFTWARE; STEPHEN H. BENEDICT, an individual; PAUL FRIEDMAN, an individual

    Defendants.

Case No. 96-2196E (AJB)

**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY**

Answer and Counterclaim.wpd

1  Defendants Micro Star, Stephen H. Benedict Technologies, Inc., Stephen H. Benedict and Stephen
2  H. Benedict hereby answer the complaint as follows:
3      1.    The following paragraphs are admitted:    1, 20.
4      2.    The following paragraphs are denied:    2, 5-10, 22-25, 28-65.
5      3.    The following paragraphs set forth information about which Plaintiff lacks knowledge
6  or information sufficient to form a belief as to the truth of the allegations and therefore denies them:
7  4, 12-19, 21.
8      4.    As to Paragraph 3, Defendants admit only that venue is proper in the Southern
9  District of California and denies the remaining allegations.
10     5.    As to Paragraph 11, Defendants admit that the defendants transact business in the
11 Southern District of California and deny the remaining allegations.
12     6.    As to Paragraph 26, Defendants admit that they are not, and have never been, agents
13 or representatives or licensees of Microsoft and deny the remaining allegations.
14     7.    No pleading is required for the following allegations: 27, 36, 46, 55, 60, 63.

**AFFIRMATIVE DEFENSES**

As distinct and separate affirmative defenses to the causes of action in the complaint, answering defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the complaint and each purported cause of action therein, defendants allege that the complaint fail to state facts sufficient to constitute a cause of action against these answering defendants.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Counterclaims and each purported cause of action therein, Defendants allege that plaintiff has not sustained any damages, injuries or losses, if any, by reason of any act or omission, fault or negligence, on the part of these answering Defendants, its agents, servants or employees, or either or any of them and is thus barred from asserting any cause of action against these answering Defendants.

28  \\\

**THIRD AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants by the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants by the doctrine of misuse.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants as plaintiff's claims constitute attempted monopolization through the filing of sham trademark infringement claims in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants as Defendants' use, if any, of Microsoft trademarks constitutes a fair use.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants as plaintiff's alleged "Compatibility" trademark is not eligible for trademark protection.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that plaintiff is barred from maintaining any claim against Defendants as

Answer and Counterclaim.wpd

-3-

1 | Defendants' conduct was privileged.

## TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants alleges that Counterclaim-plaintiffs are barred from maintaining any claim against Defendants by the doctrine of unclean hands.

WHEREFORE, these answering Defendants pray that plaintiff take nothing by way of its Complaint on file herein, that judgment be entered in the within action in favor of the answering Defendants and against the plaintiff upon the issues of the Complaint, together with an award to these answering Counterclaim-defendant of attorney's fees and costs of suit herein incurred, and such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

8. Counterplaintiff MICRO STAR is a California corporation with a usual place of business in San Diego County, California.

9. Defendant Microsoft Corporation is a Washington corporation with a usual place of business in Redmond, Washington. Microsoft does substantial business in the Southern District of California.

10. This Court has subject matter jurisdiction over the claims in this counterclaim pursuant to federal question jurisdiction, 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over the claims arising under California state law in this counterclaim pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 in that the claims in this counterclaim arose in the Southern District of California and the counter-defendants regularly transact business in the Southern District.

13. Micro Star is a distributor of shareware and other programs.

14. Microsoft is the creator and purveyor of Windows 95, which is the industry standard for desktop computer operating systems. The vast majority, and approaching virtually all, of the personal computers in use today use the Windows 95 operating system.

15. Microsoft is also a manufacturer and seller of virtually every type of software sold for

1  personal computers.

2  16. Upon information and belief, Microsoft controls at least 85% of the market for desktop operating systems. In fact, other than older versions of the Windows operating system, which are increasingly if not totally obsolete in today's marketplace, there is no practical alternative for an operating system for a personal computer.

6  17. Accordingly, in order to sell any software for use with so-called "personal" computers, software must be "compatible" i.e., function with Windows 95.

8  18. A corollary of this need for compatibility is the need to indicate in some fashion to the consuming public that software is "compatible with" Microsoft's Windows 95 operating system.

10  19. By letter dated January 16, 1997, Microsoft has indicated to Micro Star that it cannot indicate that a particular item of software is compatible with Windows 95 because the implication that an item of software runs under Windows 95 is a violation of Microsoft's trademark.

13  20. By preventing others, including Micro Star, from indicating, without using any infringing symbols, that an item of software is compatible with Windows 95, Microsoft is seeking to eliminate any competition within the personal computer software industry from any other manufacturer of software.

### FIRST CAUSE OF ACTION

(Violation of the Sherman Act)

21. Counter-plaintiff incorporates by reference each of the allegations in paragraph 1- 20 as though set forth herein in full.

22. By the acts set forth above, Microsoft has attempted to monopolize and has virtually succeeded in monopolizing the personal computer operating system market.

23. By use of its overwhelming market share of the personal computer operating system market, Microsoft now seeks to further solidify its market share in the personal computer software market by preventing competing sellers of software from indicating that the software is compatible with Windows 95.

24. As set forth above, the counter-defendants have the specific intent to monopolize the relevant market and have conspired to attempt to monopolize the relevant market through, among

other things, misuse of their trademarks to limit competition.

25. As set forth above, the defendants have committed several anticompetitive acts in furtherance of their intent.

26. Moreover, by virtue of their anticompetitive acts, the defendants have a dangerous probability of success in monopolizing the market. In fact, upon information and belief, the defendants' anticompetitive conduct threatens to eliminate all competition in the market.

27. As a result of the defendants' anticompetitive conduct and attempted monopolization barred by Section 2 of the Sherman Antitrust Act, Micro Star has suffered and continues to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

(Unfair Competition under Cal. Bus. & Prof. Code § 17200 et seq.)

28. Plaintiff realleges and incorporates by reference to allegations contained in paragraphs 1 through 27 as through set forth herein in full.

29. The defendants' acts as set forth above, constitute unlawful, unfair or fraudulent business practices.

30. As a result of the defendants' unfair competition, Micro Star has suffered and continues to suffer damages in an amount to be determined at trial but in excess of $500,000.

## JURY DEMAND

Micro Star demands a trial by jury as to all claims in the complaint and counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Micro Star prays for judgment as follows:

1. That defendants, and each of them, pay general and special damages to Plaintiff for defendants' unfair competition in accordance with proof at trial;

2. That defendants, and each of them, pay punitive and/or treble damages to Plaintiff for defendants' unfair competition and violation of the Sherman Antitrust Act in accordance with proof at trial;

3. That defendants, and each of them, pay Micro Star its costs of this action and its reasonable attorneys' fees;

Answer and Counterclaim.wpd

-6-

4. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FLYNN, SHERIDAN & TABB

Dated: January 21, 1997

By: *[signature]*
Philip H. Stillman, Esq.
Attorneys for Counter-Plaintiff
MICRO STAR

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 6129 La Flecha, Rancho Santa Fe, California, 92067.

On January 21, 1997, I served the foregoing documents described as: DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Rancho Santa Fe, California, addressed as follows:

Jane H. Barrett
Preston Gates & Ellis
725 South Figueroa Street, Suite 2100
Los Angeles, CA 90017-5524

__XXX__ I placed such envelope with postage thereon fully prepaid to be placed in the United States Mail. I am readily available with the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing on the foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit. Executed on January 21, 1997, at Rancho Santa Fe, California.

____ I caused such envelope to be delivered by hand/fax to the offices of the addressee. Executed on January 21, 1997, at Rancho Santa Fe, California.

__X__ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Karen J. McKean*
Karen J. McKean