USDC SCAN INDEX SHEET







MICROSOFT CORP

MICRO STAR

ACR    11/6/97    10:24
3:96-CV-02196
*60*
*MEMOPNO.*

FILED

NOV – 5 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | Civil No. 96-2196-E(AJB) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| MICRO STAR, et al., | ) | |
| Defendants. | ) | |

### BACKGROUND

Microsoft Corp. sued Micro Star and several individuals for trademark infringement and related claims. Microsoft has four trademarks registered for its computer-related goods and services in both the United States and the United Kingdom. Microsoft alleges that Micro Star operates an illegal telephone marketing scheme in which a Micro Star employee represents that she is from Microsoft. The Micro Star employee asks the customer if they would be interested in joining a software club sponsored by Microsoft and containing Microsoft products. Actually, the software products have no connection with Microsoft. Microsoft learned of the scheme when it received over sixty complaints from customers in England. The customers complained that the software club did not in fact contain Microsoft products, and that the callers were rude.

96cv2196

1    On the morning of the scheduled temporary restraining order
2 hearing, the parties informed the court that they had reached an
3 agreement. Shortly thereafter, in March 1997, the parties agreed to
4 a stipulated permanent injunction and dismissed the case. The court
5 retained jurisdiction to enforce the injunction. The injunction
6 prohibits the using Microsoft trademarks to advertise defendants'
7 products; diluting the trademark; or using a false description that
8 can or is likely to lead the public to believe that the product is
9 produced or authorized by Microsoft. Injunction ¶ (a), (c), (e).

10    In this motion, Microsoft alleges that Micro Star has violated
11 the term of the injunction by representing themselves as Microsoft
12 to unsuspecting customers in the United States to advertise their
13 own products. Microsoft attached declarations from three customers
14 who received calls from telemarketers who falsely asserted that they
15 were affiliated with Microsoft and that the software products were
16 related to Microsoft. Accordingly, Microsoft now moves for (1)
17 entry of the stipulated money judgment and (2) an order to show
18 cause why Microsoft should not be held in contempt. In connection
19 with the request for contempt, Microsoft asks for a discovery order
20 requiring Micro Star to turn over its business documents within ten
21 days. It also requests attorney's fees incurred in bringing this
22 motion. Finally, Microsoft requests the court to order treble
23 damages on any future violations of the injunction.

24                            **DISCUSSION**
25 **I.   VIOLATION OF PERMANENT INJUNCTION**
26      **A.  Civil versus Criminal Contempt**
27    The parties dispute whether the requested relief is civil or
28 criminal in nature. The court concludes that Microsoft has

1 | requested civil contempt.

2 |     Civil contempt proceedings are usually instituted by a party, whereas the court institutes criminal contempt proceedings. <u>International Union UMWA v. Bagwell</u>, 114 S. Ct. 2552, 2556 (1994). If the purpose is to vindicate the authority of the court and to <u>punish</u> the violation, the sanction is criminal. <u>Id.</u> at 2557-58. By contrast, if the purpose is to <u>compensate</u> the plaintiff for losses caused by the violation and to <u>coerce compliance</u> with the order, the sanction is remedial and civil. <u>Id.</u> If the sanction is <u>both</u> punitive and coercive, then the court should follow the criminal rules. Generally, a sanction imposed upon <u>past</u> conduct is criminal contempt, whereas a fine announced <u>before</u> the violation occurs indicates a civil contempt since the party can avoid the sanction by not violating the order. <u>Id.</u> at 2562. Another requirement for a civil contempt proceeding is that the violator must be able to purge itself of the violation because the purpose of the order is to coerce compliance. <u>Id.</u> at 2558; <u>Whittaker Corp. v. Execuair Corp.</u>, 953 F.2d 510, 517 (9th Cir. 1992).

    Here, the application was initiated by Microsoft. The remedy sought is compensatory and remedial. The relief is not designed to punish past conduct; rather, once Microsoft reviews the discovery, it will seek an appropriate compensatory sanction. <u>Aradia Women's Health Center v. Operation Rescue</u>, 929 F.2d 530, 532 (9th Cir. 1991) (the preliminary injunction included a $500 per day fine for prospective violation, thus is was civil in nature because defendant had notice of the sanction, the fine was conditional, and it could be avoided by future compliance). The attorney's fees request is directly related to the funds expended in bringing the contempt

motion which shows they are compensatory. The request for treble damages will also be conditioned on future compliance with the injunction, so it will be avoidable by Micro Star and therefore civil in nature. <u>Whittaker</u>, 953 F.2d at 517.

Significant consequences follow from the characterization of the relief. If criminal in nature, there is a right to a jury trial. By contrast, there is generally no right to a jury trial in civil contempt proceedings when the facts are easily ascertained by the judge. <u>Bagwell</u>, 114 S. Ct. at 2561. Even if civil, however, due process concerns require a jury trial if the facts are complex and crucial facts are disputed. <u>Id.</u> Nonetheless, a civil contempt proceeding is not a motion hearing, and the issues may not be tried on the basis of affidavits. <u>Pennwalt Corp. v. Durand-Wayland, Inc.</u>, 708 F.2d 492, 495 (9th Cir. 1983).

Because the court concludes that the request for contempt is civil in nature, the parties are entitled to an evidentiary hearing to present evidence and to cross-examine witnesses. The allegations and defense involve issues of credibility, which are best determined by testimony. <u>Id.</u>

B. **Merits**

The standard of proof for civil contempt is clear and convincing evidence. <u>Whittaker Corp.</u>, 953 F.2d at 517. Civil contempt does not require a showing of willfulness. <u>United States v. Powers</u>, 629 F.2d 619, 627 (9th Cir. 1980). Nonetheless, a court should not hold a person in civil contempt when his action appears to be based on a good faith interpretation of the court's order. <u>Go-Video, Inc. v. Motion Picture Assn. of America</u>, 10 F.3d 693, 695 (9th Cir. 1993). In addition, substantial compliance is a defense

to civil contempt when the violator made every reasonable effort to comply. Id.

On the existing record of competing declarations, the court cannot determine the ultimate question of whether defendants are in contempt. The court concludes, however, that sufficient evidence exists to require defendants to show cause why they should not be held in civil contempt. The court will conduct an evidentiary hearing on December 9, 1997 at which time each side will be allowed two and one-half hours to present their case.

C. **Stipulated Entry of Judgment**

The money judgment stipulation provides that "Micro Star hereby stipulates that a money judgment in the above entitled action may be entered against the named defendants, and each of them, in the event that it is determined that Micro Star has violated any term or terms of the Injunction. Whether a violation of any term or terms of the Injunction occurred will be adjudicated by the United States District Court, Southern District upon motion of Microsoft. The amount of the above described money judgment to be entered against Micro Star, if need be, shall be $100,000. In consideration of settlement of this matter, the sum of $100,000 shall be deemed and is deemed by the Parties to be the amount of damages to have been sustained by Microsoft on or before the date of execution of this Stipulation and shall only become due and owing in the event Micro Star is adjudicated to have violated any term or terms of the Injunction." Plaintiff's Exhibit 1, at page 2.

The court concludes that it is appropriate to adjudicate whether defendants have violated the injunction under the terms of the stipulated money judgment at the same time it determines whether

defendants should be held in civil contempt. Accordingly, at the December 9, 1997 hearing, Microsoft will have an opportunity to present evidence that Micro Star violated the injunction and Micro Star will have an opportunity to present evidence in its defense. At the conclusion of the evidence, the court will determine whether Microsoft is entitled to have the money judgment entered against defendants.

As a housekeeping matter, the court notes that the parties signed the stipulation for entry of money judgment, but never submitted the order to the court for its signature. Plaintiff's Exhibit 1. Under Local Rule 7.2(a) "stipulations shall be recognized as binding only when made in open court or filed in the cause. Written stipulations shall not be effective unless approved by the judge." At the hearing, therefore, the court requested counsel to submit the original stipulation so that it could be signed by the court and filed.

The court defers ruling on the other forms of requested relief, namely attorney's fees and treble damages for future violations, until the completion of the evidentiary hearing.

## II. DISCOVERY OF RECORDS

Microsoft asks the court to issue an order that defendants produce "all business, financial, and customer records related to their infringement of Microsoft's trademarks and the MICROSOFT trade name." Microsoft fears that the infringers will destroy their records showing the wrongful conduct. Microsoft requests the records to prove the extent of defendants' conduct and the amount of wrongful profit obtained. Further, Microsoft requests discovery of Micro Star's customer lists and a sworn declaration

of the source of the lists' names. It believes that defendants may have wrongfully obtained confidential trade secrets about Microsoft's customers.

Micro Star opposes the discovery request. There is no pending case, plaintiff did not attempt to meet and confer before requesting the discovery, and the request is not specific and particular. Fed. R. Civ. P. 26(d), (f). The request is overly broad and burdensome. The request violates the standard in Rule 26(b)(2) because the burden and expense of going through all the company's records is not likely to benefit the case by resulting in relevant evidence. The request seeks irrelevant information beyond the scope of the contempt proceeding, because the motion is limited to three specific telemarketers, not the entire company. In addition, it would be impossible to comply because the request requires defendants to make a judgment call or opinion about what information is related to the alleged infringement. Micro Star contends there is no infringement, thus none of its documents are relevant to that question.

The court refers the discovery issues to Magistrate Judge Battaglia for his supervision and oversight. The court agrees that some discovery may be appropriate in order to present the complete facts at the evidentiary hearing. Although the case is closed, "the court has discretion to order discovery in post-trial matters and may direct that the procedures of the rules be used." Hewlett v. Davis, 844 F.2d 109, 115 (3d Cir. 1988). The scope of the discovery should be tailored to the issue of whether defendants violated the terms of the stipulated permanent injunction so as to be to subject to the terms of the stipulation for entry of money judgment and/or to be held in civil contempt.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby grants plaintiff's motion for an order to show cause re: contempt [#38-1]. Defendants shall show cause why they should not be held in civil contempt on December 9, 1997 at 9:00 a.m. in Courtroom 3. At that time, the court will conduct an evidentiary hearing on the civil contempt matter as well as plaintiff's request for entry of the stipulated money judgment. Accordingly, the court continues plaintiff's motion for attorney's fees and for treble damages for all future violations of this court's permanent injunction until the completion of the December 9, 1997 hearing [#38-3, #38-4].

The court denies plaintiff's motion to require defendants to immediately produce any and all business and financial records related to Microsoft's allegations [#38-2]. Instead, the court refers all discovery matters to Magistrate Judge Battaglia.

DATED: November 3, 1997.

WILLIAM B. ENRIGHT, Judge
United States District Court

Copies to:
Lead Attorney for all parties of record
*Magistrate Judge Battaglia