USDC SCAN INDEX SHEET











MICROSOFT CORP

MICRO STAR

ACR    12/5/97    8:17
3:96-CV-02196
*77*
*O.*

FILED
DEC -4 1997
CLERK, J.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, | Civil No. 96-2196-E(AJB) |
| Plaintiff, | |
| v. | O R D E R |
| MICRO STAR, et al., | |
| Defendants. | |

On November 5, 1997, the court ordered defendants to show cause why they should not be held in civil contempt for violating the stipulated permanent injunction. At the joint request of the parties, the hearing was continued to January 13, 1998. At that time, the court will also determine whether to grant plaintiff's request for entry of the stipulated $100,000 money judgment.

On November 13, 1997, plaintiff filed a request for additional sanctions on its motion for civil contempt. Plaintiff contends that defendants admitted that they had infringed the trademark by using company names that were confusingly similar. Plaintiff relies upon the defendants' speech expert's opinion about the similarity in the sound of the names "Microsoft" and "Micro Star" over the telephone. Plaintiff notes that the court has broad powers to fashion an equitable remedy that includes ordering defendants to change the name of its company to avoid this type of trademark infringement.

Defendants move ex parte to strike plaintiff's request for additional sanctions. Defendants contend that they would need additional time to conduct discovery on this additional relief and that they had inadequate notice of the change in plaintiff's theory of the case. Defendants suggest that plaintiff is, in essence, attempting to amend the complaint. Defendants did not agree to change the corporate name in the stipulated injunction, therefore, this issue is irrelevant to the issues at the contempt hearing. Defendants further argue that plaintiff has stretched the meaning of the expert's point, which was that it was reasonable for three customers out of over 257,000 telephone calls to mistake the sound of the names.

The court is persuaded by defendants' position. The complaint alleges that defendants infringed the trademark by misrepresenting that they were Microsoft or were associated with Microsoft. E.g., Complaint, ¶ 23. Plaintiff's request seeks to expand the case beyond its original scope to encompass the similarity of the names. The request comes too late in these proceedings. Moreover, the requested relief exceeds the relief that plaintiff sought in the complaint and that the parties agreed to in the stipulated injunctions. Accordingly, the court denies plaintiff's request for additional sanctions [# 61] and grants defendants' motion to strike that request [# 65].

DATED: December 3, 1997.

WILLIAM B. ENRIGHT, Judge
United States District Court

Copies to:
Lead Attorney for all parties of record